IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., *et al.*, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants-Appellees. | No. 24-1881 |

**MOTION FOR 30-DAY EXTENSION
OF TIME TO FILE RESPONSE BRIEF**

Pursuant to Federal Rule of Appellate Procedure 26(b) and 6th Circuit Rule 26(a)(1), the government respectfully moves for a 30-day extension of time, to and including May 23, 2025, in which to file its response brief. Plaintiffs consent to such an extension. In support of this motion, the government states the following:

**1.** This case involves a challenge to a public safety advisory issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives. The advisory informs federal firearms licensees that ATF does not believe that concealed pistol licenses issued under Michigan law qualify as valid alternatives to a federal background check. *See* 18 U.S.C. § 922(t)(3) (providing that the Gun Control Act's background-check requirements do not apply to "a firearm transfer between a licensee and another

person if" the transferee "present[s] to the licensee a" permit that meets certain requirements). Plaintiffs filed their opening brief on December 6, 2024. The government's response brief is due, following three extensions, on April 23, 2025. In only partially granting the government's most recent request for an extension, which plaintiffs opposed, this Court stated that "[f]urther extensions of the briefing schedule will not be granted." Order (Apr. 3, 2025).

**2.** Nonetheless, the government believes that an additional 30-day extension is warranted for good cause, for two reasons. First, following a change in administration, there is new agency leadership at the Department of Justice, the Federal Bureau of Investigation, and ATF. Although ATF leadership has only been in place for a limited time, it has nearly completed a comprehensive review of the Bureau's previous determinations regarding which state permits qualify as background check alternatives under Section 922(t)(3). That review is in its final stages, and the agency requires additional time to complete it. Allowing the agency that additional time will ensure that any brief filed by the government before this Court may be informed by the final determinations of current agency leadership regarding the underlying issues in this case.

Second, after this Court partially granted the government's most recent extension motion, the parties have engaged in discussions which may lead to the resolution of this case, and which the Department and ATF are currently considering. If successful, such resolution would avoid additional litigation, which would conserve

2

party and judicial resources. As this Court previously indicated, this case might be one "that lends itself to negotiation and mediation." *Gun Owners of America, Inc. v. U.S. Dep't of Justice*, No. 21-1131, 2021 WL5194078, at *5 (6th Cir. 2021).

**3.** Plaintiffs' counsel has informed the government that Plaintiffs consent to the extension sought in this motion.

          Respectfully submitted,

          MICHAEL S. RAAB

          *s/ Sean R. Janda*
          SEAN R. JANDA
            *Attorneys, Appellate Staff*
            *Civil Division, Room 7260*
            *U.S. Department of Justice*
            *950 Pennsylvania Avenue NW*
            *Washington, D.C. 20530*
            *(202) 514-3388*

APRIL 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system and service will be accomplished on all parties through that system.

                                                                          */s/ Sean R. Janda*
                                                                          Sean R. Janda

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 428 words, according to the count of Microsoft Word.

                                                               *s/ Sean R. Janda*
                                                               Sean R. Janda